**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PLANT EQUIPMENT INC. | § | Civil Action No. 2:09-cv-395 |
| Plaintiff, | § | |
| | § | |
| v. | § | **ORAL HEARING REQUESTED** |
| | § | |
| | § | |
| INTRADO INC. | § | |
| Defendant. | § | |
| | § | |

# DEFENDANT INTRADO INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER THIS CASE TO THE DISTRICT OF COLORADO PURSUANT TO 28 U.S.C. § 1404(a)

**TABLE OF CONTENTS**

I.   INTRODUCTION………………………………………………………………………1
II.  FACTS…………………………………………………………………………………..1
     A.   No Relevant Evidence Exists Within the Eastern District of Texas………………1
     B.   Evidence Identified By Plant In Other Texas Districts Is Irrelevant……………..1
III. ARGUMENT…..………………………………………………………………………..3
     A.   Legal Standard for Venue Transfer…………………………………………………..3
     B.   Private Interest Factors....………………………………………………………………3
     C.   Public Interest Factors…………………………………………………………….5
IV.  CONCLUSION……………………………………………………………………………5

# **TABLE OF AUTHORITIES**

**Cases**

*Aten Int'l Co. v. Emine Tech. Co.,*
  2009 U.S. Dist. LEXIS 53764 (E.D. Tex. June 25, 2009) ......................................................5

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
  1 F.3d 1214 (Fed. Cir. 1993) ..................................................................................................2

*Fujitsu Ltd. v. Tellabs, Inc.,*
  639 F. Supp. 2d 761 (E.D. Tex. 2009) ....................................................................................5

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)................................................................................................4

*In re Hoffman-La Roche Inc.,*
  587 F.3d 1333, (Fed. Cir. 2009)........................................................................................1,3,4

*In re Nintendo Co.,*
  589 F.3d at 1194 (Fed. Cir. 2009)............................................................................................4

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008)..........................................................................................2,4,5

*In re Volkswagen of America Inc.,*
  545 F.3d 304 (5th Cir. 2008) ...................................................................................................3

*Invitrogen Corp. v. Gen. Elec. Co.,*
  2009 U.S. Dist. LEXIS 9113 (E.D. Tex. Feb. 9, 2009).........................................................2,5

*Mituyoto Corp. v. Cent. Purchasing,*
  499 F.3d 1284 (Fed. Cir. 2007)................................................................................................2

*Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.,*
  2009 U.S. Dist. LEXIS 103394 (E.D. Tex. Oct. 23, 2009) ......................................................3

*Personal Audio, LLC v. Apple, Inc.,*
  2010 U.S. Dist. LEXIS 11899 (E.D. Tex. Feb. 11, 2010).....................................................3,5

*Van Dusen v. Barrack,*
  376 U.S. 612 (1964) .................................................................................................................1

**Statutes**

*28 U.S.C. § 1404(a)* ........................................................................................................................1

I. **INTRODUCTION**

"[T]he Supreme Court explained that *Section 1404(a)* 'should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just.'" *In re Hoffman-La Roche Inc.,* 587 F.3d 1333, 1337 (Fed. Cir. 2009) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 625 (1964)). Plant filed the instant case in this District, which has no connection to the case and is not the district where its headquarters are located, because Plant believes this District to be advantageous to patent owners. Yet, Plant argues that Intrado's motion to transfer this case *to its home forum, where its headquarters and all information concerning the accused system and method are located* is "a tactical attempt to move this case out of a district that Intrado believes is prejudicial to patent defendants and into a district where its headquarters are located and it perceives an advantage." Plant provides no support for this accusation because there is none. While Plant has constructed an elaborate story in an attempt to defeat Intrado's motion to transfer, its story cannot withstand scrutiny.

II. **FACTS**

A. **No Relevant Evidence Exists Within the Eastern District of Texas**

Plant admits that it has no documents located in the Eastern District of Texas, and that it would have to transfer them into this District.

Plant identifies four party witnesses and three non-party witnesses located within this District, none of whom submitted declarations in support of Plant's opposition. The proposed testimony of these witnesses is irrelevant at best. Plant does not dispute that during the "meet and confer" required under this District's Local Rules, Plant's counsel acknowledged that he was unaware of any Plant witnesses located in this District. Declaration of Adrian Pruetz ("Pruetz Decl. 1") at ¶15. Certainly, had any *key* witnesses resided in this District, Plant's counsel would have discovered them in preparation for the "meet and confer." Thus, it is painfully obvious that Plant selected these alleged witnesses for the sole purpose of arguing that this District is a convenient venue.

1

Furthermore, the proposed testimony of these witnesses is entirely irrelevant. The witnesses are offered to testify about Intrado's offers for sale in this District and their effect on Plant's product sales. However, Intrado's offer to sell its IEN system in this District is not a contested issue. Intrado stated in its moving papers that it is launching its IEN system nationwide. That Intrado is offering to sell its IEN system in all districts, including this one, does not support venue in this forum above any other. *See, e.g., In re TS Tech USA Corp.,* 551 F.3d 1315, 1321 (Fed. Cir. 2008) ("Here, the [allegedly infringing products] were sold through the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."); *Invitrogen Corp. v. Gen. Elec. Co.,* 2009 U.S. Dist. LEXIS 9113 at *11 (E.D. Tex. Feb. 9, 2009) ("In patent cases, where a defendant sells products all over the country, no specific venue has a dominant interest in resolving the issue of patent infringement.").

Moreover, as Plant does not make or sell the allegedly infringing IEN system or a comparable product, the testimony of its alleged witnesses with respect to Plant's lost profits is also irrelevant, because Plant cannot recover lost profits in this case as a matter of law. In order to obtain lost profits, the patent owner and the alleged infringer must "sell products sufficiently similar to compete against each other in the same market segment." *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,* 1 F.3d 1214, 1218 (Fed. Cir. 1993); *Mituyoto Corp. v. Cent. Purchasing,* 499 F.3d 1284, 1291 (Fed. Cir. 2007). Accordingly, Plant's proffered testimony from alleged witnesses in this District has no relevance to any issue in this case, and only illustrates why this case should be transferred to the District of Colorado. Plant cannot and does not refute that all documents and evidence concerning the accused IEN system and all witnesses who can testify knowledgeably about the system and its operation reside in the District of Colorado.

B. **Evidence Identified By Plant In Other Texas Districts Is Irrelevant**

Plant claims, without any evidentiary support, that an Intrado facility outside of this District in Austin, "certainly supports its accused offers to sell its IEN product throughout the state," an issue entirely irrelevant to venue as noted above. Plant guessed wrong. Intrado's

2

Austin facility provides 9-1-1 solutions to the VoIP industry that are entirely unrelated to the accused IEN system and, as stated in Intrado's moving papers, this facility does not have any relevant documents or witnesses. Second Declaration of Adrian Pruetz ("Pruetz Decl. 2") at ¶2, Exh. 10; Pruetz Decl. 1 at ¶16.

## III.   ARGUMENT

### A. Legal Standard for Venue Transfer

Plant and Intrado agree that the law of the Fifth Circuit applies. As this is a patent infringement case, any appeal of this case would be made to the Federal Circuit, thus recent Federal Circuit decisions on venue transfer, applying Fifth Circuit law, are controlling authority.

### B. Private Interest Factors

*__Ease of Access to Sources of Proof.__*  Plant argues that because it is able to electronically transfer its documents to this District, these documents are considered to be located in Texas. However, Plant's argument has been summarily rejected by controlling authority. *Hoffman-LaRoche,* 587 F.3d at 1336-37 (converting 75,000 pages of documents into electronic format and transferring them to Texas amounted to a "fiction which appears to have been created to manipulate the propriety of venue."); *see also In re Volkswagen of America Inc.,* 545 F.3d 304, 316 (5th Cir. 2008) ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."); *Personal Audio, LLC v. Apple, Inc.,* 2010 U.S. Dist. LEXIS 11899 at *9-10 (E.D. Tex. Feb. 11, 2010) (giving more weight to the location of the "originals" of documents).

Furthermore, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the ***defendant's*** documents are kept weighs in favor of transfer to that location." *Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.,* 2009 U.S. Dist. LEXIS 103394 at *8-9 (E.D. Tex. Oct. 23, 2009) (Ward, J.) (internal quotations omitted) (emphasis added). "Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis." *Id.* at *9. Intrado's physical evidence and documents are located in the District of Colorado, including the

3

physical components of the IEN system and all documents explaining the operation of the IEN system. Declaration of Michael Nelson ("Nelson Decl.") at ¶¶2,4. Because Intrado's evidence is in Colorado and none is in Texas, this factor weighs "heavily in favor of transfer." *See In re Nintendo Co.,* 589 F.3d at 1194, 1199-1200 (Fed. Cir. 2009).

*Availability of Compulsory Process to Secure the Attendance of Witnesses.* "The court is required to assess the relevance and materiality of the information the witness may provide." *Personal Audio,* 2010 U.S. Dist. LEXIS 11899 at *14 (quoting *In re Genentech, Inc.,* 566 F.3d 1338, 1343 (Fed. Cir. 2009)). As discussed on pages 1-2 *supra*, the proffered testimony of Plant's alleged in-District witnesses is wholly irrelevant and should be ignored in this Court's analysis. That some non-party witnesses who have a relationship with Plant state they will appear in court without a subpoena is also irrelevant, because they will only appear if *Plant* so desires.[1] Plant recognizes this by noting that Intrado could use videotaped deposition testimony if a witness is beyond the Court's subpoena power. However, the availability of deposition testimony is not the test of a convenient venue. It is undisputed that this Court cannot compel the attendance of any non-party witness, so this factor is neutral.

*Convenience and Cost of Attendance for Willing Witnesses.* Plant's argument that the convenience of parties should be accorded less weight in a transfer analysis than that of non-parties is contrary to precedential Federal Circuit decisions, which order the transfer of each case to the district where the *party* witnesses reside. *Genentech*, 566 F.3d at 1345; *Hoffman-LaRoche*, 587 F.3d at 1336; *TS Tech,* 551 F.3d at 1320; *Nintendo*, 589 F.3d at 1199. Plant attempts to, but cannot, refute the relevance of the Intrado engineers' testimony. Each will testify about the element of the IEN system he developed: the database, the standards interface, the software, and the overall design, to demonstrate noninfringement. Declaration of Kevin Merrill at ¶2; Declaration of Christian Militeau at ¶3; Declaration of Brian Dupras at ¶3; Nelson Decl. at ¶5.

---

[1] Damian, Nelson and Mixon are Plant's attorneys. Pruetz Decl. at ¶¶10,12,13. The inventor, Ryan, is President of Ryan Public Safety Solutions, Inc., one of the leading resellers of Plant products. Plant Opp., Exh. N; Pruetz Decl. 2 at ¶3, Exh. 11.

4

Intrado witnesses Mark Scott and Gary Pulford will testify regarding Plant's failure to make a reasonable investigation of infringement before filing suit, the subject of Intrado's defenses that Plant's infringement claims are frivolous, and its request for Rule 11 sanctions and other remedies.  Pruetz Decl. 2 at ¶4, Exh. 12.

Also, as discussed in Intrado's moving papers, it is much more convenient and less expensive for out-of-district witnesses to travel to Denver for trial, as there are no non-stop flights to Tyler or Shreveport.  Contrary to Plant's unsupported assertion, it is also less expensive for witnesses to *stay* in Denver than in Marshall.  Pruetz Decl. 2 at ¶5, Exh. 13.

### C. Public Interest Factors

***Administrative Difficulties Caused by Court Congestion.***  This factor "alone cannot outweigh the majority of other factors favoring transfer." *Fujitsu Ltd. v. Tellabs, Inc.,* 639 F. Supp. 2d 761, 769 (E.D. Tex. 2009).  Acknowledging the lesser importance of this factor, a court in this District recently stated that "[t]ime to trial or to disposition is so case-specific that median time to trial frequently offers little guidance." *Personal Audio,* 2010 U.S. Dist. LEXIS 11899 at *6-7.  Considering the median time to trial differs by only 2.8 months, this factor offers little, if any, guidance in analyzing the convenience of each forum.  Pruetz Decl. 2 at ¶6, Exhs. 14,15.

***Local Interest in Adjudicating Disputes.***   The citizens of this District have no greater connection to this case than the citizens of any other district. *TS Tech,* 551 F.3d at 1321; *Invitrogen,* 2009 U.S. Dist. LEXIS 9113 at *11.  In contrast, having a principal place of business within a district gives that district a particularized local interest in a lawsuit. *Aten Int'l Co. v. Emine Tech. Co.,* 2009 U.S. Dist. LEXIS 53764 at *34 (E.D. Tex. June 25, 2009).  This factor favors transfer because Intrado's principal place of business is in Longmont, Colorado.  Pruetz Decl. 1 at ¶2, Exh.1.

### IV. CONCLUSION

For all the foregoing reasons, and the reasons discussed in Intrado's Motion, Intrado's Motion to Transfer This Case to the District of Colorado should be granted.

DATED:  April 1, 2010 **PRUETZ LAW GROUP LLP**

By:  /s/ Adrian M. Pruetz

Adrian M. Pruetz
ampruetz@pruetzlaw.com
Erica J. Pruetz
ejpruetz@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
(t)  310.765.7650
(f)  310.765.7641

Attorneys for Defendant
Intrado Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 1, 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.

/s/ Adrian M. Pruetz
Adrian M. Pruetz