**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PLANT EQUIPMENT INC.<br>Plaintiff, | § § § § § | |
| v. | § | Civil Action No. 2:09-cv-395 |
| INTRADO INC.<br>Defendant. | § § § § § | |

**PLAINTIFF PLANT EQUIPMENT INC.'S SUR-REPLY IN OPPOSITION TO
DEFENDANT INTRADO INC.'S MOTION TO TRANSFER THIS CASE TO THE
<u>DISTRICT OF COLORADO PURSUANT TO 28 U.S.C. §1404(a)</u>**

Intrado's reply brief provides no basis for granting its motion to transfer this case to the District of Colorado. Because none of the private or public interest factors pertinent to the venue analysis favor transfer, Plant respectfully requests that the Court deny Intrado's motion.

## I.   Intrado Continues to Apply the Wrong Legal Standard

To prevail on its motion, Intrado must show that the District of Colorado is "clearly more convenient" than this District. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Intrado has not addressed, much less met, this burden. Instead, Intrado has argued that this case "has no connection to this District," an argument Intrado's reply brief now concedes is incorrect. (D.E. 27, Intrado Reply at 2 ("Intrado's offer to sell its IEN system in this District is not a contested issue.").) Moreover, far from establishing clear convenience in Colorado as required, Intrado fails to identify a single Plant (or non-party) witness or document anywhere in Colorado.

## II.   None of the Private Interest Factors Support Transferring this Case

A.   <u>The relative ease of access to sources of proof.</u>   As indicated above, Intrado's reply brief takes a dramatically different tact from its opening brief. Intrado originally argued that "[w]hile Intrado intends to launch its IEN system nationwide, the system is still in the testing phase and Intrado has not yet done so". Intrado now reverses itself, arguing that it "is offering to sell its IEN system in all [judicial] districts, including this one". (Compare D.E. 18 at 1-2 with D.E. 27 at 1-2.) Neither argument is supported by any evidence. Unlike Plant, which provided evidence that Intrado has offered the accused IEN system for sale and is testing it in this District (D.E. 24 at 3-6), Intrado fails to identify a similar offer or installation in Colorado. Thus, while Intrado's attorneys say one thing, the evidence shows another, namely that this District—not Colorado—has access to the pertinent party and non-party witnesses needed for this case.

More specifically, Intrado's *attorneys* now argue that "Intrado is offering to sell its IEN system in all districts, including this one," yet the only evidence Intrado submits says the opposite: "Intrado *intends* to launch its IEN system nationwide, and is in the process of testing its system and securing regulatory approvals to do so, but *IEN has not yet been launched nationwide*." (Nelson Declaration, ¶ 6 (emphasis added).)  While the accused IEN system may not have been launched nationwide, the evidence shows that it has been launched in the Eastern District.  In fact, the only evidence before the Court concerning offers to sell the IEN system in any district relates to two offers Intrado made in the Eastern District to the DENCO Area 9-1-1 District and to NCTCOG.  (D.E. 24, Opp. Br. at 3-4; Dowler Declaration at ¶¶ 6-12.)[1]  Intrado offers no evidence of a single offer to sell the accused IEN system in Colorado or anywhere else.  Thus, Intrado's citation to *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) and *Invitrogen Corp. v. Gen. Elec. Co.*, 2009 U.S. Dist. LEXIS 9113 (E.D. Tex. Feb. 9, 2009) is distinguishable at least because, unlike here, those decisions involve sales of infringing products throughout the United States.

The evidence of the two offers to sell Intrado's IEN system in this District—which Intrado now concedes is "not a contested issue" (D.E. 27, p. 2)—establishes a unique connection between this case and the Eastern District.  Plant has identified seven witnesses, and relevant documentation related thereto, located in this District:  three non-party witnesses (who will be asked to testify about the two Intrado offers to sell its IEN system in this District) and four Plant witnesses (who will be asked to testify about, *inter alia*, operations at Plant's Frisco facility located in this District, Plant's marketing activities, the operation of Plant's products and their integration with products offered by Intrado, and injuries suffered by Plant as a result of

---

[1] There is apparently one IEN system currently in use, but it is located in Florida, not Colorado or the Eastern District, and is thus irrelevant to Intrado's motion. (Nelson Declaration, ¶ 6.)

Intrado's offers to sell).[2] (D.E. 24, Opp. Br. at 3-4.) Intrado argues that these witnesses are "irrelevant at best" (D.E. 27 at 1), but precedent from this District says otherwise. *See, e.g., Fujitsu Limited v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765 (E.D. Tex. 2009) ("[A]ll *potential* material and relevant witnesses must be taken into account for transfer analysis, irrespective of their centrality to the issues raised in a case.") (emphasis added).

Intrado's argument that its accused offers to sell in this District are irrelevant misses the point for another reason. The issue is not *whether* an offer for sale was made, as Intrado would have the Court believe, the issue is *what* was offered for sale. Intrado admits that there is only one operational IEN system, and it is in Florida. Thus, the evidence critical to Plant's infringement case is *what* was offered for sale in this District. Plant has shown that the only evidence of such offers for sale exists in this District, in the form of third party witnesses and documents. (D.E. 24, Plant Opp. Br. at 1-6.) Intrado has done nothing to show that such evidence exists elsewhere, much less in Colorado.

Finally, Intrado misstates the facts concerning the location of Plant's documents. Intrado states that "Plant admits that it has no documents located in the Eastern District of Texas, and that it would have to transfer them into this District." (D.E. 27 at 1, 3.) That is incorrect. This case does *not* involve a situation where the "original" of a document is located outside of Texas, for example at Plant's California facility,[3] and an electronic copy of that original must be transferred to Plant's Frisco facility in the Eastern District. Rather, Plant's documents are electronic documents *per se*. (Welsh Declaration at ¶¶ 9-11.) To the extent that an electronic

---

[2] Plant also identified three witnesses, and their related documentation, in other judicial districts in Texas. (D.E. 24, Opp. Br. at 5.)

[3] The fact that Plant's headquarters is in Temecula, California is even less relevant than it might otherwise be because the patented technology was acquired by Plant from TelControl, an Alabama company. Thus, the research, design, etc. relating to the patented product took place in Alabama, not California.

document can be physically "located" anywhere, Plant's documents are located just as much in the Eastern District as anywhere else. (*Id.*)

B. <u>The availability of compulsory process to secure the attendance of witnesses.</u> Intrado fails to identify a single non-party witness who could be compelled to testify at trial if this case were transferred to Colorado. In contrast, Plant has identified three critical non-party witnesses located in the Eastern District over which this Court has subpoena power and a fourth Intrado witness (Mr. Helterbrand) over whom the Court has subpoena power for trial purposes. (D.E. 24, Opp. Br. at 3-6.) Further, all but one of the non-party witnesses that Intrado has identified has declared that he/she will appear at trial in Marshall (not that he/she will appear *only at Plant's request*, as Intrado incorrectly argues) without the need for a trial subpoena. (Ryan Declaration ¶ 5; Nelson Declaration ¶ 5; Mixon Declaration ¶ 6.) This eliminates any Intrado argument that these witnesses might somehow be unavailable for trial in Marshall.

C. <u>The cost of attendance for willing witnesses.</u>  Obviously, it will be cheaper for Intrado's six identified party witnesses in Colorado to attend trial in Denver, just as it will be cheaper for Plant's six identified party witnesses in Texas to attend trial in Marshall. Contrary to Intrado's argument, attendance of *party* witnesses is not the issue since courts assume that a party will bring its witnesses to trial wherever it is.[4]  The issue in the transfer analysis is the cost imposed on *non-party* witnesses, which Intrado's reply brief conspicuously ignores.

Plant has identified three non-party witnesses in the Eastern District for whom—given their location in this District—it obviously would be less expensive to attend trial in Marshall. The only other non-party witnesses identified are the three prosecuting attorneys and one

---

[4] Intrado's argument that the Federal Circuit has transferred cases "to the district where the *party* witnesses reside", respectfully, makes no sense. (D.E. 27 at 4 (emphasis in original). The results in the cases in question turned on an analysis of the particular facts of each such case. The decisions certainly do not stand for the proposition that this

inventor. Yet, all but one of those individuals has declared that a trial in Denver would *not* be more convenient than a trial in Marshall. (Ryan Declaration ¶¶ 3-4; Nelson Declaration ¶¶ 4-5; Mixon Declaration ¶¶ 4-5.) Intrado fails to explain why a videotaped deposition of the only remaining non-party witness in Alabama (Ms. Damian) would be inadequate. Finally, Intrado's argument that it would be more expensive for all witnesses to stay, eat, rent cars, etc. in Marshall than in Denver is, respectfully, not credible.

   D. <u>All other practical problems that make trial of a case easy, expeditious and inexpensive.</u>  It is uncontested that this factor is neutral, which means that it does not help Intrado carry its burden of showing that a trial in Colorado would be "clearly more convenient."

**III. None of the Public Interest Factors Support Transferring this Case**

   The undisputed facts show that the "administrative difficulties flowing from court congestion" favor, albeit slightly, keeping this case in the Eastern District. (D.E. 27, Exhibits 14 & 15.) The "local interest in having localized interests decided at home" also weighs against transferring this case to Colorado. Not only has Intrado failed to identify a single sale or offer or sale in Colorado, at least some residents of the Eastern District apparently soon will be relying on Intrado's accused IEN system for emergency telephone calls. It is difficult to imagine a more significant local interest in this dispute. Finally, it is uncontested that the "familiarity of the forum with the law that will govern the case" and the "avoidance of unnecessary problems of conflict of laws or in the application of foreign law" are neutral factors in this case and, thus, do not help Intrado carry its burden of showing that a trial in Colorado would be "clearly more convenient".

---

Court must transfer this case "to the district where the party witnesses reside"—which in any event could just as easily be the Eastern District as Colorado under the facts of this case.

| | |
|---|---|
| Dated: April 7, 2010 | /s/ Michael S. Dowler_____ |
| | Michael S. Dowler (Lead Attorney) |
| | Texas Bar No. 783979 |
| | Merritt D. Westcott |
| | Texas Bar No. 24027091 |
| | HOWREY LLP |
| | 1111 Louisiana, 25th Floor |
| | Houston, Texas 77002-5242 |
| | Telephone: 713.787.1400 |
| | Facsimile:  713.787.1440 |
| | Email:  dowlerm@howrey.com |
| | Email:  westcottm@howrey.com |

Of Counsel:

Michael Stolarski
Michael Padden
HOWREY LLP
321 N. Clark Street
Suite 3400
Chicago, Illinois 60654
Telephone: 312.595.1239
Facsimile: 312.595.2250

Harry L. Gillam, Jr.
TX Bar No. 07921800
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 7, 2010 I electronically filed Plaintiff Plant Equipment Inc.'s Sur-Reply in Opposition to Defendant Intrado Inc.'s Motion to Transfer this Case to the District of Colorado Pursuant to 28 U.S.C. § 1404(a) with the Clerk of the Court using the CM/ECF system, which will send notification electronically to all attorneys of record.

                                            /s/ Michael S. Dowler
                                            Michael S. Dowler