# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PLANT EQUIPMENT INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-395-TJW |
| | § | |
| INTRADO INC., | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Intrado Inc.'s ("Intrado") Motion to Transfer This Case to the District of Colorado Pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 18] After considering the parties' arguments and the applicable law, the Court is of the opinion that Intrado's motion should be DENIED.

### I. Background

Plaintiff Plant Equipment Inc. ("Plant") filed this lawsuit on December 22, 2009, accusing Intrado of infringement of U.S. Patent No. 6,744,858 ("the '858 patent"). Plant is a California corporation with headquarters in Temecula, California. Intrado is a Delaware Corporation with its principal place of business in Longmont, Colorado. Intrado seeks to transfer the case to the District of Colorado.

### II. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

1

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those for *forum non conveniens* dismissals, which include both public and private interest factors. *Id. at 315 (citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963))*. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems

of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id. (citing Action *Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## A. Discussion

### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

No witnesses are within 100 miles of Marshall, Texas. All of Intrado's witnesses are in the District of Colorado and most of Plant's are in the Southern District of California, and there are a handful of witnesses elsewhere. Plant identifies a sales office in Frisco, Texas that employs about 30 people. Response at 1. Plant contends that it will call four employees from the Frisco office

to testify about the effect of Intrado's offers for sale of the accused product in this district. Intrado argues that any proposed testimony from employees at the Frisco facility would be irrelevant because, according to Intrado, Plant is not entitled to any lost profits. Reply at 2. The Court declines at this time to undertake a detailed analysis of whether Plant is entitled to lost profits and, for the purposes of this motion, assumes that lost profits are at issue. The testimony from the Frisco employees is, therefore, relevant. Notwithstanding the relevance of the testimony, the witnesses are simply beyond the 100-mile distance from this Court. Therefore, with respect to the parties, this factor weighs in favor of transfer.

The parties have identified several non-party witnesses, four of which are located in this district. The remaining non-party witnesses are in the Southern District of California and the District of Alabama and would suffer negligible additional inconvenience if this case were transferred to the District of Colorado. There are no non-party witnesses in the District of Colorado. Those non-party witnesses that are within the Eastern District of Texas are more than 100 miles from this Court and would suffer some inconvenience, but they would suffer a significantly greater inconvenience if they were required to travel the additional 700 miles to the District of Colorado. On balance, considering the convenience of both the non-parties and parties, this factor weighs against transfer.

### 2. The Relative Ease of Access to Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis. *See id.* "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the

defendant's documents are kept weighs in favor of transfer to that location." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006).

Intrado argues that much of the evidence about the accused products is located in Longmont, Colorado and much of the evidence about prosecution of the patents-in-suit will be located in Alabama or the Southern District of California. The Court agrees that likely relevant evidence will be found in the District of Colorado. However, likely relevant evidence will also be located in Frisco, Texas, which is in this District.

Defendants have not shown that there will be any significant inconvenience if they are required to transport documents to Marshall, Texas. Defendants have not identified any documents or evidence located in the District of Colorado that cannot be produced electronically, and have not otherwise shown that transporting documents and physical evidence to Marshall would pose significant additional inconvenience.[1] Therefore, the Court finds that this factor weighs against transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

The Eastern District of Texas has usable subpoena power whereas the District of Colorado does not. "The fact that the [chosen] venue is a venue with usable subpoena power here weighs in

---

[1] The *TS Tech* court emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

favor of transfer, and not only slightly." *In re Genentech*, 566 F.3d at 1345. *See also* Fed. R. Civ. P. 45(c)(3). This factor weighs against transfer.

### B. Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendant argues that the Eastern District of Texas has little interest in the outcome of this litigation. The Court largely agrees. No accused products have been sold or manufactured in this district. The only interest this district has in the outcome of the litigation concerns the sales efforts of Plant's employees in Frisco. The District of Colorado, however, has a significant interest in the outcome of this litigation because the accused products are made and sold there and Intrado employs a substantial number of people there. This factor weighs in favor of transfer.

#### 3. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the District of Colorado are both capable of applying patent law to infringement claims. This factor is neutral as to transfer.

#### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

#### 5. Judicial Economy

The Court finds that this factor is inapplicable in this transfer analysis.

### III. Conclusion

For the reasons stated above, Intrado has failed to satisfy its burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. *See In re Apple*, Misc. No. 932, 2010 WL 1922942 (Fed. Cir. May 12, 2010) (finding that notwithstanding the plaintiff's location as "ephemeral" in nature, defendants had not made a "compelling showing" that would justify transfer). Accordingly, Intrado's motion is DENIED.

It is so ORDERED.

SIGNED this 15th day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE