# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **PLANT EQUIPMENT INC.,** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:09-CV-395 (TJW) |
| | § | |
| vs. | § | |
| | § | JURY TRIAL DEMAND |
| **INTRADO INC.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## AMENDED DOCKET CONTROL ORDER

In accordance with the case status conference held on the 30th day of August, 2010, and the subsequent motion of the parties to amend this order, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Step | Date | Deadline | Related Rule |
|---|---|---|---|
| 1. | N/A | Initial Case Management Conference | Patent L.R. 2-1 FRCP 26(f) |
| 2. | 12/15/2010 | Initial Disclosures | FRCP 26(a)(1) - At or within 14 days of initial management conference or by agreement |
| 3. | 2/4/2011[1] | Production of Documents (Intrado and Plant) Intrado produces: (1) Documents sufficient to show the structure, function and operation of Intelligent Emergency Network (IEN), including (a) Operations manuals, (b) System specifications, (c) Source code (available for inspection); and (d) Marketing materials. (2) Documents sufficient to show offers to sell and sales/license agreements for IEN, including (a) Requests for proposals (RFPs), (b) RFP responses, and (c) executed sale or license agreements. Plant produces: (1) pre-1/26/2001 documents evidencing | |

---

[1] The Discovery Order (Dkt. No. 52) is hereby amended to reflect this change.

| Step | Date | Deadline | Related Rule |
|------|------|----------|--------------|
|  |  | conception & reduction to practice, design and development of each claimed invention; (2) documents sufficient to show any pre-1/26/2001 discussions with or disclosures to any third-party regarding the claimed invention (e.g., offers for sale, etc.); (3) pre-1/26/2001 documents sufficient to show the structure, function and operation of the following TCI or Plant-CML products: InVision[2], ECS-1000, Rescue-STAR, and SMART, and (4) documents regarding the acquisition of TCI and analysis of its intellectual property (if not privileged). |  |
| 4. | 4/15/2011 | Plant serves Disclosure of Asserted Claims and Preliminary Infringement Contentions | Patent L.R. 3-1 - No later than 10 days after the initial 1/28/2011 management conference |
| 5. | 4/15/2011 | Plant makes Document Production Accompanying Preliminary Infringement Contentions | Patent L.R. 3-2 |
| 6. | 5/27/2011 | Intrado serves Preliminary Invalidity Contentions | Patent L.R. 3-3 - Not later than 45 days after Plant serves preliminary infringement contentions |
| 7. | 5/27/2011 | Intrado makes Document Production Accompanying Preliminary Invalidity Contentions | Patent L.R. 3-4 - Not later than 45 days after Plant serves preliminary infringement contentions |
| 8. | 6/3/2011 | Deadline to join other parties without leave of Court, which shall be at least 60 days before the deadline for filing dispositive motions | Not later than 60 days after service of preliminary infringement contentions |
| 9. | 6/3/2011 | Deadline to amend pleadings<br><br>(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit.<br><br>It is necessary to file a Motion for Leave to Amend after June 3, 2011). |  |
| 10. | 6/17/2011 | Deadline to respond to Amended Pleadings |  |
| 11. | 6/29/2011[1] | Document production substantially complete |  |
| 12. | 7/13/2011 | Privilege Logs to be exchanged by parties (for all documents withheld from previous productions based on privilege) |  |
| 13. | 7/27/2011 | All parties make Exchange of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1(a) - Not later than 10 days after Intrado serves preliminary invalidity contentions<br><br>J. Ward Appendix C – 4-1. Not later than 140 days before the date set for the Claim Construction Hearing |

**AMENDED DOCKET CONTROL ORDER – Page 2**

| Step | Date | Deadline | Related Rule |
|---|---|---|---|
| 14. | TBD | All parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1(b) |
| 15. | 8/16/2011 | All parties make Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2 - Not later than 20 days after the exchange of Proposed Terms and Claim Elements for Construction |
| 16. | TBD | All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2(c) |
| 17. | 9/15/2011 | All parties jointly file Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 - Not later than 60 days after the service of the Invalidity Contentions<br><br>Judge Ward Appendix C – 4-3.  Not later than 30 days after Exchange of Preliminary Claim Constructions and Extrinsic Evidence |
| 18. | 10/17/2011 | Completion of Claim Construction Discovery | Patent L.R. 4-4- Not later than 30 days after Joint Claim Construction and Prehearing Statement |
| 19. | 10/31/2011 | Plant files opening claim construction brief | Patent L.R. 4-5(a) – Not later than 45 days after filing the Joint Claim Construction and Prehearing Statement |
| 20. | 11/17/2011 (14+3 days after 10/31) | Intrado files responsive claim construction brief | Patent L.R. 4-5(b) – Not later than 14 days after service of opening brief |
| 21. | 11/28/2011 (7+3+1 after 11/17) | Plant files reply brief on claim construction | Patent L.R. 4-5(c) – Not later than 7 days after service of responsive brief |
| 22. | 12/2/2011 | Parties file Joint Claim Construction Chart | Patent L.R. 4-5(d) - At least 10 days before Claim Construction Hearing |
| 23. | TBD, if needed | Pre-hearing Conference and technical tutorial if necessary | The day before the Claim Construction Hearing or in combination with the Claim Construction hearing |
| 24. | 12/14/2011 | Claim construction hearing 9:00 a.m., Marshall, Texas | Patent L.R. 4-6 |
| 25. | TBD | Claim Construction Ruling | |
| 26. | TBD - 15 days after claim construction ruling | Party with the burden of proof to designate Expert Witnesses (other than claims construction) | |
| 27. | TBD – on or about 30 days | Designate Rebuttal Expert Witnesses other than | |

**AMENDED DOCKET CONTROL ORDER – Page 3**

| Step | Date | Deadline | Related Rule |
|---|---|---|---|
|  | after claim construction ruling | claims construction |  |
| 28. | TBD – on or about 30 days after claim construction ruling | Plant serves Amended Infringement Contentions | Patent L.R. 3-6(a)(1) - On or about 30 days after claim construction ruling |
| 29. | TBD – on or about 40 days after claim construction ruling | Intrado serves Preliminary Unenforceability Contentions and Accompanying Document Production |  |
| 30. | TBD – on or about 50 days after claim construction ruling | Intrado serves Amended Invalidity Contentions | Patent L.R. 3-6(a)(2) - On or about 50 days after claim construction ruling |
| 31. | TBD – on or about 50 days after claim construction ruling | Intrado serves disclosure relating to willfulness | Patent L.R. 3-7 - On or about 50 days after claim construction ruling |
| 32. | TBD - on or about 60 days after claim construction ruling | Intrado makes Final Unenforceability Contentions |  |
| 33. | TBD - on or about 70 days after claim construction ruling | Deadline for service of expert report(s) on issues for which a party bears the burden of proof | FRCP 26(a)(2); L.R. CV-26(b) |
| 34. | TBD – on or about 45 days after service of opening expert report(s) | Deadline for service of rebuttal expert report(s) | FRCP 26(a)(2); L.R. CV-26(b) |
| 35. | TBD – 14 days after service of rebuttal expert reports | Deadline for completion of all discovery and exchange of privilege logs (or a letter to the Court stating that there are no disputes as to claims of privilege) |  |
| 36. | TBD – on or about 21 days after deadline for completion of all | Deadline for filing letter briefs seeking to file summary judgment motion, *Daubert* motions, or motions to strike expert testimony |  |

**AMENDED DOCKET CONTROL ORDER** – Page 4

| Step | Date | Deadline | Related Rule |
|---|---|---|---|
| | | discovery | |
| 37. | TBD – 60 days after deadline for filing letter briefs (above) | Deadline for filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions). | |
| 38. | TBD – 17 days after filing of Dispositive Motion | Response to Dispositive Motions (including *Daubert* motions)[2] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** | |
| 39. | TBD – 10 days after filing of Dispositive Motion | Rely to Dispositive Motion (including Daubert motions) | |
| 40. | TBD - 30 days before pretrial conference | Deadline for parties to make pretrial disclosures (witnesses and exhibits) | FRCP 26(a)(3) - At least 30 days before pretrial conference |
| 41. | TBD - 30 days before pretrial conference | Parties to exchange information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | |
| 42. | TBD - 14 days before the Pretrial Conference | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. | 14 days before the Pretrial Conference |
| 43. | TBD - 14 days before the Pretrial Conference | **Motions in *Limine* Due** The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly | 14 days before the Pretrial Conference |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 12 days, in addition to any added time permitted under Fed. R. Civ, P. 6(e), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

**AMENDED DOCKET CONTROL ORDER – Page 5**

| Step | Date | Deadline | Related Rule |
|------|------|----------|--------------|
|  |  | introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |  |
| 44. | TBD - 14 days before the Pretrial Conference | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. | FRCP 49, 51 - 14 days before the Pretrial Conference |
| 45. | TBD | Initial Pretrial Conference and hearing on Motions in Limine if required and hearing on objections to deposition designations and exhibits | 14 days before the Pretrial Conference |
| 46. | TBD | Final Pretrial Conference - in **Marshall, Texas.** |  |
| 47. | 12/3/2012 | Jury Selection - 9:00 a.m. in **Marshall, Texas.** |  |

## LIMITATIONS ON MOTIONS PRACTICE

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

**Motions to Strike Expert Testimony/Daubert Motions**

three (3) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than two (2) pages and filed with the Court no later than five (5) days thereafter. The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   a. The fact that there are motions for summary judgment or motions to dismiss pending;

   b. The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   c. The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**IT IS SO ORDERED.**

**AMENDED DOCKET CONTROL ORDER** – Page 7

SIGNED this 7th day of January, 2011.

```
                              _____
                              T. JOHN WARD
                              UNITED STATES DISTRICT JUDGE
```